1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEORGE LOGAN,

11          Petitioner,              No. CIV S-06-1142 FCD GGH P

12      vs.

13   THE SUPREME COURT OF
     CALIFORNIA, et al.

14

15          Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

16   _____/

17          Petitioner, a state prisoner proceeding pro se, has filed an application for "a writ

18   of mandate directed toward the California Supreme Court."  Petitioner has not paid a filing fee

19   for this inapposite filing.

20          Petitioner states that on October 15, 2004, he was sentenced, on a conviction in

21   Sacramento County Superior Court for causing great bodily injury to a former cohabitant and for

22   battery with serious bodily injury, to seven years in state prison.  Petition, p. 2.  Petitioner timely

23   filed an appeal and, on January 31, 2006, the Third District Court of Appeal issued its decision

24   affirming the judgment.   <u>Id.</u> & see Exhibit (Exh.) A to petitioner's Exh. C.

25          Petitioner states that the deadline for timely filing a petition for review in the state

26   supreme court was March 12, 2006, that he placed a petition for review in the legal mail system

1

at the Correctional Training Facility-Soledad on March 2, 2006.  Petitioner includes what appears to be a log of outgoing confidential and legal mail from the prison, which indicates that mail directed to the state supreme court clerk's office was logged and dated March 9, 2006.  Petition, Exh. A.  On or about March 30, 2006, petitioner received notice from the state supreme court's clerk's office that his petition had not been received until March 21, 2006, was therefore untimely.  Petition, p. 2, Exh. B.   However, the letter/notice, dated March 30, 2006, actually states that the petition for review was not received "until today," signifying March 30, 2006.  The clerk's notice stated that petitioner could submit an "Application for Relief from Default," explaining why the petition had not been filed timely, which had to be received by April 28, 2006.

Petitioner placed the application with a copy of the legal mail log noted above in the facility legal mail system on April 26, 2006.   On May 4, 2006, petitioner received a letter from the clerk of the state supreme court, stating that his application for relief from default was not received until May 2, 2006, which rendered it untimely.  Petition, p. 3.  A review of petitioner's Exh. C, a copy of the clerk's notice, dated May 2, 2006, however, makes clear that it actually states that his petition for review received on March 21, 2006, was being returned, refers to the notice/letter dated March 30, 2006, states that petitioner had not submitted an application for relief from default (at least as of the date of the May 2, 2006, notice/letter), and that the court had lost jurisdiction to consider or grant relief in his case as of April 28, 2006.  Id., and Exh. C.

Petitioner contends that the state supreme court has erred in finding both his petition for review and his application for relief from default untimely and for failing to file his petition for review because under Fed. R. App. P., Rules 4(c)(1) and 25(a)(1) and (a)(2)(c); he contends the clerk's office committed an "abuse of discretion."  Petition, p. 3.  He asks this court to issue a writ of mandate to the state supreme court with regard to the petition for review, or alternatively, an order "directing the constructive filing of the attached petition for review which

\\\\\

2

1   was originally submitted to the Supreme Court of the State of California on March 8, 2006..."[1]

2          In the first place, federal courts lack jurisdiction to issue a writ of mandamus to a

3   state court. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161

4   (9th Cir. 1991), citing 28 U.S.C. § 1651. Second, petitioner cites no authority for the

5   applicability of the "mailbox rule" under the Federal Rules of Appellate Procedure,[2] see Houston

6   v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385 (1988); Koch v. Ricketts, 68 F.3d 1191 (9th

7   Cir. 1995), to state courts. Third, the Ninth Circuit has found a claim by a habeas petitioner in

8   federal court to have been procedurally defaulted for petitioner's failure to comply with a

9   California Rule of Court. Forrest v. Vasquez, 75 F.3d 562 (9th Cir. 1996).

10         In any event, petitioner did not file a federal habeas petition. To the extent that

11   petitioner may have sought a form of equitable relief, i.e., that petitioner be excused from any

12   failure to exhaust state court remedies or for any procedural default for not having filed a petition

13   for review, there is no federal petition before this court for which the undersigned might apply

14   any such argument. In this context, petitioner seeks what amounts to an advisory opinion.

15   Federal courts do not render advisory opinions. Mills v. Rogers, 457 U.S. 291, 305, 102 S. Ct.

16   2442, 2451-2452 (1982); Flast v. Cohen, 392 U.S. 83, 96, 88 S. Ct. 1942, 1950 (1968) ("'the

17   oldest and most consistent thread in the federal law of justiciability is that the federal courts will

18   not give advisory opinions.'"[3]) See also, Separation of Church and State Committee v. City of

19   Eugene, 93 F.3d 617, 620 n. 5 (9th Cir. 1996)(federal court cannot render advisory opinions on

20

---

21       [1] Petitioner alleges, alternatively, that he placed the petition for review in the legal mail

22   system at CTF-Soledad on March 2, 2006, or that is was filed on March 8, 2006; the copy of the log indicates that it was logged on March 9, 2006.

23       [2] "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal

24   case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1), in relevant part. "A paper filed by an inmate confined

25   in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Fed. R. App. 25(a)(2)(C), in pertinent part.

26       [3] Quoting C. Wright, Federal Courts 34 (1963).

1   constitutional issues).  Petitioner's application for a writ of mandate should be dismissed.

2          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

3   a writ of mandate be dismissed and this case be closed.

4          These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6   days after being served with these findings and recommendations, petitioner may file written

7   objections with the court.  Such a document should be captioned "Objections to Magistrate

8   Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

9   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

10  Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: 9/25/06                              /s/ Gregory G. Hollows

12                                              _____
                                                UNITED STATES MAGISTRATE JUDGE

13

14

15
    GGH:009
16  loga1142.fr

17

18

19

20

21

22

23

24

25

26